**Warfield Milo GOINGS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18978.**

United States Court of Appeals
Eighth Circuit.

May 1, 1968.

Thomas H. Foye, of Bangs, McCullen, Butler & Foye, Rapid City, S. D., for appellant.

Ronald E. Clabaugh, Asst. U. S. Atty., Sioux Falls, S. D., for appellee; Harold C. Doyle, U. S. Atty., on the brief.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

PER CURIAM.

This case comes before us the second time upon the conviction of defendant on two of three counts charged under 18 U.S.C. § 1153 for the crime of burglary under the South Dakota laws § 13.3703, S.D.C. 1960 Supp. Because errors occurred by reason of improper examination of government witnesses we reversed the defendant's first conviction on three counts. Goings v. United States, 377 F.2d 753 (8 Cir. 1967). Defendant was retried and found guilty under Counts II and III of the indictment and was sentenced to three years on the second count and two years on the third count, the sentences to run consecutively.

Defendant raises upon appeal four alleged errors occurring in the trial: (1) improper cross examination of the government's own witnesses, (2) an erroneous direction by the trial court to the state's witnesses to answer all questions unless the court told them otherwise, (3) restriction of defendant's counsel's cross examination and (4) error in the improper balancing and positioning of the instructions relating to the specific intent of the crime charged.

We have thoroughly reviewed all points raised by the defendant. We are unimpressed. The grounds raised necessarily relate to the trial area within the broad discretion of the trial judge in conducting the litigation. See 377 F.2d at 762. An advocate's technical disagreement with a trial judge's discretionary rulings does not constitute grounds for reversal.

Defendant emphasizes the court's prejudicial instructions to certain witnesses. It is apparent these witnesses were in the middle of "a tug of war" between the state and defendant's counsel, as to whether they could or perhaps more accurately stated, whether they should assert Fifth Amendment privileges to transactions for which they had already pleaded guilty. We are convinced that the court with unusual restraint properly handled the situation without prejudice to anyone's rights.

The instructions adequately covered the defense of intoxication. The instructions given were suggested by this court in its first opinion. See 377 F.2d at 757, n. 3. Defendant asserts that the instructions are arranged in a disadvantageous position and misstate the defendant's legal defense and are therefore misleading. Instructions are entitled to be read as a whole. The jury

is presumed to have followed their direction. This is not a case where there is inconsistent or confusing phraseology.

The evidence clearly sustains the defendant's guilt.

The judgment is affirmed.